IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| JIM D. SHAW, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JO ANNE B. BARNHART, )<br>Commissioner of Social Security, )<br>)<br>Defendant. ) | Case No. 06-4066-CV-C-RED |

## ORDER

Plaintiff Jim D. Shaw ("Shaw") seeks judicial review of the Commissioner's denial of his request for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.*. Plaintiff has exhausted all of his administrative remedies, and therefore, pursuant to Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3), judicial review is now appropriate. After carefully reviewing the record, the Court hereby **AFFIRMS** the decision of the Administrative Law Judge ("ALJ").[1]

## I. Background

The complete facts and arguments are presented in the parties' briefs and will be duplicated here only to the extent necessary. Additionally, the ALJ's decision within the administrative record fully sets forth his findings and as such will not be repeated herein in its entirety except to the extent necessary to address Plaintiff's arguments.

---

[1] Because the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct standard of law, the Court adopts much of Defendant's brief without quotation or citation.

## II. Standard of Review

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g), 1383(c)(3) (2000); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. *See Warburton*, 188 F.3d at 1050. In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See id.* The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result. *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999). This is true even if the Court might have weighed the evidence differently and reached a different result if a de novo review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful activity; and (3) the inability results from the impairment. *See* 42 U.S.C. §§ 423 (d)(1)(A), (d)(2); *see also Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975). The Court reviews the ALJ's decision to determine whether the ALJ followed the Commissioner's implementing regulations, which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social Security Act.

The five steps are: (1) whether the claimant is currently engaging in "substantial gainful

activity," (2) whether the claimant is severely impaired, (3) whether the severe impairment is, or is comparable to, a listed impairment precluding substantial gainful activity as a matter of law, (4) whether the claimant, with his current Residual Functional Capacity ("RFC") can meet the demands of his past work, and if not; (5) whether the claimant retains the capacity to perform any other work that exists in significant numbers in the economy. *See* 20 C.F.R. §§ 404.1520, 416.920 (2006); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987) (discussing the five-step analysis). In the first four steps, the burden is on the claimant to prove that he is disabled. If the claimant is not able to perform his past work, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform, although the ultimate burden of persuasion remains with the claimant. *See Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004); *see also Barnhart v. Thomas*, 540 U.S. 20, 24, 28 (2003) (noting that the existence of jobs in the national economy must be proved only at step five).

### III. Analysis

Shaw raises a single argument in opposition to the ALJ's finding of no disability. Shaw argues the ALJ failed to develop a residual functional capacity that is supported by substantial evidence. Specifically, Shaw alleges the ALJ erroneously disregarded the opinions of treating physicians Doctor Neis and Doctor Woods and improperly relied upon the opinion of a state agency consultant in formulating his residual functional capacity.

According to SSR 96-8p, a residual functional capacity assessment must be based on all the relevant evidence in the case record, including medical history, reports of daily activity, medical source statements, and effects of treatment. 61 Fed. Reg. 34,474, 34,477 (July 2, 1996). Moreover, while opinions of treating physicians are entitled to controlling weight, such opinions

-3-

are not conclusive and "must be well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2) (2006); *see also Kelley v. Callahan*, 133 F.3d 583, 589 (8th Cir. 1998). An ALJ is warranted in discrediting a treating physician's opinion if it is inconsistent with or contradicted by other evidence in the record. *Weber v. Apfel*, 164 F.3d 431, 432 (8th Cir. 1999).

Here, the ALJ thoroughly explained how he reached the conclusion that the opinions of Doctors Woods and Neis did not deserve controlling weight. The ALJ first noted that while Dr. Neis stated in his medical source statement that Shaw was significantly limited in his ability to lift, stand, walk, and sit, none of Dr. Neis's treatment notes include any specific exam findings to support these limitations. The ALJ also noted that Dr. Neis's treatment notes only include two references of back pain complaints from Shaw in the more than one year that he had treated Shaw. The ALJ also pointed out inconsistencies in the statements of Dr. Woods. In December 2004, Dr. Woods concluded Shaw was limited to only short periods of sitting, standing, walking, lifting, and carrying. (Tr. 217). Yet, in April 2004, Dr. Woods had concluded in a medical source statement that Shaw had no physical impairment. The ALJ further noted that Dr. Woods's treatment notes include several references to Shaw's continued improvement and reductions in Shaw's pain levels from a high of six to a low of two on a ten-point scale. Taking the inconsistencies of the treating physicians' opinions together with the other medical evidence, the ALJ properly concluded the treating physicians' opinions were not based on objective medical evidence. The Court finds the ALJ did not err in discounting the opinions of the treating physicians.

Moreover, the Court finds the ALJ did not err in his reference to the residual functional capacity of the state agency consultant. There is no evidence that the ALJ simply adopted the assessment of the state agency; the ALJ merely noted in his opinion that the assessment seemed "reasonable" in light of the evidence in the record. (Tr. 22). More importantly, the residual functional capacity assessment of the ALJ included more limitations than that of the state agency. (Tr. 23, 134). It was not error for the ALJ to reference the assessment of the state agency consultant.

## IV. Conclusion

Upon review of the record, the Court finds that substantial evidence on the record as a whole supports the ALJ's findings in this case. Accordingly, it is hereby ORDERED that the decision of the ALJ is **AFFIRMED**.

**IT IS SO ORDERED**.

DATE:  January 31, 2007          */s/ Richard E. Dorr*
                                 RICHARD E. DORR, JUDGE
                                 UNITED STATES DISTRICT COURT